**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 2 2004**

**PATRICK FISHER**
**Clerk**

# UNITED STATES COURT OF APPEALS
# TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

LEOBARDO PEREZ-LEANOS,

    Defendant-Appellant.

No. 03-2261
(D.C. No. CR-02-2149 WPJ)
(New Mexico)

## ORDER[*]

Before **SEYMOUR**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

Leobardo Perez-Leanos was convicted on one count of illegally re-entering

the United States in violation of 8 U.S.C. § 1326(a)(1), (a)(2), and (b)(2), after

being deported following a previous conviction for an aggravated felony.  He

appeals the district court's sentence, contending the court abused its discretion in

denying his motion for a downward departure from the sentencing guidelines.  We

lack jurisdiction to review the matter and therefore dismiss the appeal.

In 1990, Mr. Perez-Leanos was deported from the United States to Mexico

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).
The case is therefore submitted without oral argument.

after being convicted for felony possession of marijuana with intent to distribute. In 2002, a border patrol agent found Mr. Perez-Leanos in New Mexico and in 2003, a jury convicted him of illegal re-entry into the United States. Prior to sentencing, Mr. Perez-Leanos filed a motion for a downward departure based on his mother's illness. According to defendant, he "became distraught over the possibility that her health condition could result in her death and that his absence from her might be aggravating her situation. He felt he had no choice but to attempt to reenter the United States and spend some time with her." Rec., vol. I, doc. 52 at 2. He sought the departure based on a theory of duress caused by these family circumstances. *Id.* at 1. The government opposed the motion, and the court heard testimony from Mr. Perez-Leanos before denying his request for a downward departure. In making its decision, the court stated:

> I've also received as part of the motion medical records that reflect over the last four years, four different surgeries, all of a minor nature. In May of '98, there was a laparoscopic appendectomy. In December of '99, this individual's mother broke her ankle. It was pinned, and appears to have been repaired without incident. In March of 2002, there was a gallbladder surgery. And subsequently, there was a rotator cuff surgery which repaired a rotator cuff, again without particular problems. I have not received any information that indicates any type of continuing medical problems, not to say that there isn't any, but I just don't have any evidence of it.
> Family circumstances, as the cases reflect, is a discouraged factor to warrant a downward departure, unless that circumstance is present in an unusual or exceptional way. It's my finding that the circumstances reflected by the defendant, while certainly expressing concern for his mother, do not fall outside the heartland of family circumstances, generally. And it is, therefore, the intention of the Court to deny the motion for

downward departure.

Rec., vol. III at 14-15.

The government contends we lack jurisdiction to review this matter. In order for us to have jurisdiction over the denial of a downward departure, the district court must have unambiguously stated that it was without authority to depart. *See United States v. Fortier*, 180 F.3d 1217, 1231 (10th Cir. 1999). In *United States v. Castillo*, we explained that it is the district court's stated *reason* for declining to depart downward that determines whether we have jurisdiction:

> [T]he courts of appeals cannot exercise jurisdiction to review a sentencing court's refusal to depart from the sentencing guidelines except in the very rare circumstance that the district court states that it does not have any authority to depart from the sentencing guideline range for the entire class of circumstances proffered by the defendant. This exception does not apply when a sentencing court concludes *under the defendant's particular circumstances* that it does not have the authority to depart.

140 F.3d 874, 887 (10th Cir. 1998) (citations omitted).

Here, we have no doubt the district court knew it had the authority to depart but chose not to do so based on Mr. Perez-Leanos' particular circumstances. The court reviewed the evidence that Mr. Perez-Leanos presented regarding his mother's surgeries before "finding that the circumstances reflected by the defendant, while certainly expressing concern for his mother, do not fall outside the heartland of family circumstances, generally." Rec., vol. III at 15. The court was not at all ambiguous about its conclusion that Mr. Perez-Leanos' specific

circumstances fell within the heartland of cases and therefore did not warrant a downward departure. Based on the district court's unambiguous factual determination, which in no way reflects a legal or categorical understanding by the court that it lacks discretion to depart for family circumstances, we lack jurisdiction to consider the departure issue.

We **DISMISS** the appeal for lack of jurisdiction.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge